UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-907-RJ

| | |
|---|---|
| UNITES STATES OF AMERICA, et al., | |
| Plaintiff, | |
| v. | ORDER |
| MIMS MANAGEMENT GROUP, LLC, et al., | |
| Defendants. | |

This matter is before the court on Defendants' motion to transfer venue to the Middle District of Alabama pursuant to 28 U.S.C. § 1404(a). [DE-85]. No response to the motion was filed, and the time to do so has expired. For the reasons that follow, the motion is allowed and this matter is transferred to the United States District Court for the Middle District of Alabama.

## I. BACKGROUND

This False Claims Act case, alleging improper billing of pharmacy services to Medicaid by Defendants, was filed on December 31, 2014 but remained sealed until April 4, 2018 when the United States and twenty-six states declined to prosecute the action. Defs.' Mem. [DE-86] at 1–2; [DE-1, -62, -63, -64, -65]. The Relators, Kristina S. Greenwood and Misty Stoffregen Thweatt, are citizens of Alabama and were employed by Defendant Institutional Pharmacy Solutions, LLC in Alabama. Defs' Mem. [DE-86] at 2. The entity Defendants are headquartered in Alabama and the individual Defendants are citizens of Alabama. *Id.* All disclosed witnesses are citizens of Alabama. *Id.* at 2–3. Finally, all parties and disclosed witnesses are located within the Middle District of Alabama. *Id.* at 3.

## II. DISCUSSION

Defendants, while not contesting that venue is proper in this district, contend that venue may be transferred to the Middle District of Alabama for the convenience of parties and witnesses pursuant to 28 U.S.C. § 1404(a). *Id.* at 4.

A False Claim Act case "may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by [the False Claims Act] occurred." 31 U.S.C. § 3732(a). However, the fact that venue is proper in the district where the case was filed does not preclude transfer "[f]or the convenience of parties and witnesses, in the interest of justice" to another district where the action might have been brought. 28 U.S.C. § 1404(a). The factors a court must consider in deciding whether to transfer venue are "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Taylor v. City & Cty. of Honolulu*, No. 7:16-CV-410-D, 2017 WL 3526660, at *4 (E.D.N.C. Aug. 16, 2017) (quoting *Trs. of the Plumbers and Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015)). The question of transfer under § 1404(a) is committed to the sound discretion of the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

The first factor, Plaintiff's choice of forum, carries less weight in cases such as this one where a "relator is asserting the rights of the real party in interest—the United States Government[.]" *United States ex rel. Howard v. Harper Constr. Co.*, No. 7:12-CV-215-BO, 2015 WL 9463103, at *2 (E.D.N.C. Dec. 28, 2015) (citation omitted). "Additionally, the deference given to a plaintiff's choice of forum is proportional to the relationship between the forum and the

2

cause of action." *Id.* (citing *Parham v. Weave Corp.*, 323 F. Supp. 2d 670, 674 (M.D.N.C. 2004)). Here, there appears to be little relationship between North Carolina and this case where the Relators, Defendants, and witnesses all live in Alabama; the Relators worked for Defendants in Alabama; and the billing practices at issue were set in and implemented from Alabama. Defs.' Mem. [DE-86] at 5. The second factor, witness convenience and access, weighs in favor of transfer because all disclosed witnesses are located in the Middle District of Alabama and the billing practices at issue were set in and implemented from that district. The third factor, convenience of the parties, weighs in favor of transfer because the Relators and Defendants are all located in the Middle District of Alabama. The fourth factor, the interest of justice, provides no compelling consideration for allowing the case to remain in this district, and no party has opposed the transfer request. Accordingly, the balance of factors weighs decidedly in favor of transfer, and the motion to transfer venue is allowed.

### III. CONCLUSION

For the reasons stated herein, Defendants' motion to transfer venue [DE-85] is allowed and this matter is transferred to the United States District Court for the Middle District of Alabama.

So ordered, this __1__ day of May 2019.

Robert B. Jones, Jr.
United States Magistrate Judge

3